UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
         Plaintiff,

V.                                  CASE NO: 8:23-cr-162-VMC-SPF

JOHN CANNULI, III, Defendant.
_____/

# SENTENCING MEMORANDUM FOR DEFENDANT JOHN CANNULI, III

COMES NOW, John Cannuli, through counsel Justin Lighty, Attorney for Defendant Cannuli, and pursuant to F.R.Criminal Procedure Sec 32(i) (40 (A) (ii) and 18 U.S.C. Sec. 3553 (a) files this Sentencing Memorandum on behalf of Defendant Cannuli.

    **I.**        **INTRODUCTION.**

The Defendant, John Cannuli, will be before the Court for sentencing on April 29, 2025. The Presentence Report ("PSR") calculates a Total Offense Level of 10 and a Criminal History Calculation of Category II.

    **II.**        **SENTENCING CONSIDERATIONS.**

The overriding principle and basic mandate of 18 U.S.C. §*3553(a)* requires district courts to impose a sentence sufficient, but not greater than necessary, to comply with the four purposes of sentencing set forth in Section *3553(a)(2)* which include the nature and circumstances of the offense, history and characteristics of the Defendant, the need for the sentence imposed, the seriousness of the offense, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct.

The advisory guideline range calculation is merely one of the many factors under §3553(a) the court should consider in determining a sentence "no greater than necessary to achieve the goals of sentencing" set forth in § 3553(a)(2). Taking into consideration the totality of the circumstances under §*3553(a),* including calculations under the Guidelines, any punishment greater than necessary to accomplish those goals would constitute an unreasonable sentence.

Pursuant to United States v. Booker, 125 S. Ct. 738, (Jan. 12, 2005), the guidelines range calculated by the probation office is no longer binding on the court. After Booker, the Court should consider the guideline range calculation as merely one of many factors under §3553(a) in determining a sentence no greater than necessary to achieve the goals of sentencing set forth in Section 3553(a)(2). Therefore, this Court is not required to sentence the Defendant to the guideline range presented in the PSIR. Instead, this Court should consider the information in the PSR along with other relevant information, including all factors listed under 18 U.S.C. §3553(a) and 3661.

Moreover, in *United States v. Talley,* 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-Booker, advisory Sentencing Guidelines era. "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." Id. at 786. Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences

available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. Id. See also 18 U.S.C. §3553(a).

Mr. Cannuli is deeply regretful of his participation in this offense. At the time of the offence Mr. Cannuli was actively using methamphetamine. Mr. Cannuli will have been in custody since November 21, 2024, a total of 150 days at the date of sentencing.

Mr. Cannuli had his now deceased mother's express permission to always draw funds from her Social Security account while she was alive. His mother gave him a bank debit card to allow him to withdraw funds from the account. After Mrs. Cannuli's death Social Security continued to deposit fund in the deceased Mrs. Cannuli account. As reflected in the Factual Statement in the Plea Agreement Mr. Cannuli knew and admitted that he had knowledge that he had no right to those funds after his mother's death and that the taking of those funds postmortem was and is theft of Government property.

Mr. Cannuli seeks early release from custody and a term of supervised release. As set forth in PART D. Paragraph 70. of the Presentence Report this Honorable Court has the option of imposing a sentence that includes a term of supervised release with conditions that substitute community confinement for imprisonment pursuant to the schedule in USSG Sec. 5C1.1(e).

Mr. Cannuli is an able-bodied man who needs a certified job skill. He has been a working man all his adult life. He is skilled with his hands and has performed carpentry, plumbing, electrical work and air conditioning work.

The Probation Officer Ms. Shaw advises undersigned counsel that the Probation Supervised Release Program may be able to house Mr. Cannuli in Tampa, or some other

location, and locate a suitable training program for him such as Air Conditioning Technician. Mr. Cannuli is motivated to improve his life and recognizes that such a program and the completion certificate that he will have to earn could vastly improve his life. As such he would be able to make an early start on paying restitution and demonstrating to this Court his gratitude for being given such an opportunity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April 2025, a true and correct copy of the foregoing was furnished by the CM/ECF system with this Court, which will send a notice by electronic means to the office of the Assistant US Attorney assigned to this matter as it appears in the Court records.

*Justin Lighty*
Justin B. Lighty, Esq.
1002 West Ohio Ave.
Tampa, FL 33603
Tel: (813) 440-9253
jlighty@tampabay.rr.com
FL Bar No; 0024005
Attorney for Defendant Cannuli

4